## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| VERINT SYSTEMS INC. and<br>VERINT AMERICAS INC. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Civil Action No. _____ |
| v. | )<br>) JURY TRIAL DEMANDED |
| INTERACTIVE INTELLIGENCE, INC. | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Plaintiffs, Verint Systems Inc. ("VSI") and Verint Americas Inc. ("VAI") (collectively "Verint"), for their Complaint against Defendant, Interactive Intelligence, Inc. ("Interactive"), allege as follows:

### THE PARTIES

1.    Plaintiff VSI is a corporation organized under the laws of the State of Delaware, having its principal place of business at 330 South Service Road, Melville, NY 11747.

2.     Plaintiff VAI is a corporation organized under the laws of the State of Delaware, having its principal place of business at 800 North Point Parkway, Alpharetta, GA 30022.  VAI is a wholly-owned subsidiary of VSI.

3.     Upon information and belief, Defendant Interactive is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 7601 Interactive Way, Indianapolis, IN 46278.

## JURISDICTION AND VENUE

4.     This is an action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this Complaint includes causes of action for patent infringement under the laws of the United States, 35 U.S.C. § 1 *et seq* .

6.     This Court has personal jurisdiction over Interactive consistent with the principles underlying the United States Constitution because, upon information and belief, Interactive has committed acts of infringement in the State of Georgia, or is doing business and has done business in the State of Georgia and in this District, or is otherwise a resident of this jurisdiction.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## BACKGROUND

8.     Verint is engaged in the business of inventing, developing, manufacturing, selling, installing, and/or distributing computer software and hardware products and systems.  The products and systems are directed to, *inter alia*, the analysis, recording, monitoring, transmission, and/or security of electronic communications, including but not limited to telephonic, facsimile, and e-mail communications to and from contact centers and call centers which handle incoming and/or outgoing contacts with actual and prospective customers and clients.  Verint's technology can provide an end user with the ability to capture, analyze and act on large volumes of complex, and often underused, information sources, such as voice, video, and unstructured text, which can enhance the ability of organizations of all sizes to make more timely and effective decisions based on such information.  Verint's main location for research and development relating to recording technology is located at VAI's facility in Alpharetta, GA.

9.     Verint's products and systems are used by more than 10,000 organizations in over 150 countries, including over 80 percent of the Fortune 100. For example, Verint's workforce optimization and voice of the customer solutions are designed to, *inter alia*, help organizations enhance customer service operations in contact centers, branches, and back-office environments, which in turn can

increase customer satisfaction, reduce operating costs, identify revenue opportunities, and improve profitability.  Verint uses its core competencies to develop highly scalable solutions with advanced, integrated analytics for both unstructured and structured information.  Verint has expended substantial resources inventing and developing this technology.  For example, Verint utilizes more than 1,000 employees and contractors in research and development throughout the world, and has obtained or filed more than 570 patents and applications worldwide.  In its last fiscal last year alone, Verint obtained issuance or allowance of 60 patents and applications in the United States.  Verint has licensed one or more of its patents to others in the industry under reasonable terms, through Verint's Open Innovation Network ("OIN") licensing program.

10.    On information and belief, Interactive manufactures, uses, sells, offers to sell, installs, distributes, exports, and/or imports computer software and hardware products and systems directed to and for use in connection with methods involving the analysis, recording, monitoring, transmission, and security of electronic communications, such as telephonic communications to and from contact centers and call centers.  Interactive thereby competes with Verint in the relevant market.

11.    On information and belief, Interactive has been manufacturing, using,

4

selling, offering to sell, installing, distributing, exporting, and/or importing computer software and hardware products and systems directed to and for use in connection with methods involving the analysis, recording, transmission, and security of electronic communications under various trade designations, including but not limited to the following trade designations, in, into, or from the United States: "Customer Interaction Center;" "Bay Bridge Decisions;" "Interaction Analyzer;" "Interaction Dialer;" "Interaction Director;" "Interaction Feedback;" "Interaction Mobilizer;" "Interaction Recorder;" "Interaction Optimizer;" "Interaction Tracker;" "Interaction Web Portal;" "Interaction Monitor;" "Interactive Voice Response;" "e-FAQ;" "CIC for Unified Communications;" "Interaction Conference;" "Interaction Process Automation;" "Content Management;" "Interaction SIP Station;" "Interaction Edge;" and "Interaction SIP Proxy." These products are competitive with products currently sold by Verint.

12.    On information and belief, Defendant Interactive has continuous and systematic contacts with the State of Georgia. Defendant offers its products for sale in Georgia. For example, Defendant's website includes an address field under the header "How Can I Buy." A true and correct copy of the relevant Interactive web page is attached hereto as part of Exhibit A. A potential customer can fill in his or her contact information in the address field, and a sales representative from

Interactive will contact the potential customer in response to the submission of the contact information.  The address field has a drop-down tab for the user's state, and the drop down tab lists Georgia, among other states.

13.    On information and belief, Defendant has customers in Georgia.  For example, Defendant's website lists Coca Cola, which is headquartered in Atlanta and operates call centers in the suburban Atlanta area, as one of Interactive's customers.  A true and correct copy of the relevant Interactive web page is attached hereto as part of Exhibit A.  A true and correct copy of an on-line news article referring to Coca Cola's suburban Atlanta call center operations is attached hereto as Exhibit B.

14.  On information and belief, Defendant maintains a permanent staff of sales and technical personnel who are located in, and/or support its activities in Georgia.  Exhibit C, which was created entirely on the basis of publicly-available information, lists various examples of such Interactive personnel.  For example, Exhibit C indicates that Defendant at least maintains, in the greater Atlanta area, a Director of Strategic Accounts, Southeast, and a Territory Manager, Southeast.

## ALLEGATIONS COMMON TO ALL COUNTS

15.    Verint is the sole owner of the entire right, title, and interest in and to U.S. Patent No. 5,790,798 ("the '798 patent"); U.S. Patent No. 7,203,285 ("the

6

'285 patent"); U.S. Patent No. 7,376,735 ("the '735 patent"); U.S. Patent No. 7,574,000 ("the '000 patent"); U.S. Patent No. 7,774,854 ("the '854 patent"); U.S. Patent No. 7,852,994 ("the '994 patent"); U.S. Patent No. 7,903,568 ("the '568 patent"); U.S. Patent No. 8,204,056 ("the '056 patent"); U.S. Patent No. 8,285,833 ("the '833 patent"); U.S. Patent No. RE41,534 ("the '534 patent"); U.S. Patent No. RE43,324 ("the '324 patent"); U.S. Patent No. 8,401,155 ("the '155 patent"); U.S. Patent No. 8,359,434 ("the '434 patent"); U.S. Patent No. 8,345,828 ("the '828 patent"); U.S. Patent No. 8,275,944 ("the '944 patent"); U.S. Patent No. 8,204,053 ("the '053 patent"); U.S. Patent No. RE43,386 ("the '386 patent"); U.S. Patent No. 8,130,926 ("the '926 patent"); U.S. Patent No. 6,404,857 ("the '857 patent"); and U.S. Patent No. 6,510,220 ("the '220 patent") (collectively, "the Patents-in-Suit").

16.    The '285 and '000 patents are related, i.e., share a common effective filing date and have similar or identical specifications; the '944 and '434 patents are related; the '534; '324; '386; and '857 patents are related; the '798 and '220 patents are related.

17.    Verint owns all right, title, and interest to the Patents-in-Suit, including the right to sue for infringement thereof.

18.    On information and belief, Defendant Interactive is infringing and has infringed the Patents-in-Suit in violation of 35 U.S.C. § 271, including as follows:

(a) by making, using, offering to sell, and/or selling in the United States or importing into the United States computer software and/or hardware and/or systems, including the following products: "Customer Interaction Center;" "Bay Bridge Decisions;" "Interaction Analyzer;" "Interaction Dialer;" "Interaction Director;" "Interaction Feedback;" "Interaction Mobilizer;" "Interaction Recorder;" "Interaction Optimizer;" "Interaction Tracker;" "Interaction Web Portal;" "Interaction Monitor;" "Interactive Voice Response;" "e-FAQ;" "CIC for Unified Communications;" "Interaction Conference;" "Interaction Process Automation;" "Content Management;" "Interaction SIP Station;" "Interaction Edge;" and "Interaction SIP Proxy" (hereinafter collectively the "Accused Products"), and/or by engaging in or practicing in the United States methods or processes covered by the Patents-in-Suit, including such methods or processes which utilize one or more of the Accused Products; and/or

(b)  by offering to sell or selling within the United States or importing into the United States a component of a product or system within one or more of the patents of the Patents-in-Suit, or a material or apparatus for use in practicing a method or process within one or more of the patents of the Patents-in-Suit, constituting a material part of one or more of the patents of the Patents-In-Suit, knowing the same to be especially made or especially adapted for use in an

infringement of one or more of the patents of the Patents-in-Suit, and not a staple article or commodity of commerce suitable for substantial non-infringing use; and/or

(c)   by supplying or causing to be supplied in or from the United States all or a substantial portion of components to form a product or system within one or more of the patents in the Patents-in-Suit, including by supplying or causing to be supplied in or from the United States the Accused Products, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe one or more of the patents of the Patents-in-Suit if such combination occurred within the United States; and/or

(d)   by supplying or causing to be supplied in or from the United States a component of a product or system within one or more of the patents of the Patents-in-Suit that is especially made or especially adapted for use according to one or more of the patents of the Patents-in-Suit and is not a staple article or commodity of commerce suitable for substantial non-infringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe one or more of the patents of the Patents-in-Suit if such combination occurred within the United States, including by supplying or causing to be supplied in or from the United

9

States one or more of the Accused Products; and/or

(e) actively inducing one or more of the activities identified in subparagraphs (a) through (d) hereof.

19. Interactive had actual knowledge and/or notice from a time prior to the filing of the present Complaint of at least the following: the '798 patent; the '285 patent; the '735 patent; the '000 patent; the '854 patent; the '994 patent; and the '534 patent.

20. By letter dated September 13, 2010 to Dr. Donald Brown, Chief Executive Officer of Interactive, VSI invited Interactive to participate in the Open Innovation Network, or OIN. OIN is a licensing program under which VSI offers to grant, under reasonable terms, a world-wide license to its extensive portfolio of patents directed, in part, to the analysis, recording, monitoring, transmission, and/or security of electronic communications such as telephonic, facsimile, and e-mail communications. In its September 13, 2010 letter, VSI provided Interactive with claim charts showing how Interactive's activities fall within the claim scope of various patents within the OIN, including the patents listed in Paragraph 19 hereof.

21. After receiving no response from Interactive to its initial letter, VSI sent follow-up letters to Dr. Brown on November 19, 2010 and December 16,

2010.  On December 29, 2010, Interactive's Chief Financial Officer Stephen Head replied via e-mail that Interactive would start its review of this matter the following week.  After receiving no further communication from Interactive, VSI sent a follow-up letter to Mr. Head on March 19, 2011, requesting a response and informing VSI that the lack of a response would be considered willful infringement of Verint's intellectual property rights.

22.    VSI was subsequently contacted by counsel for Interactive.  Despite VSI providing Interactive with multiple opportunities for an amicable resolution, no licensing arrangement was reached between the parties.

23.    On April 24, 2013, VSI, through its counsel, sent a letter to Mr. Head forwarding a copy of a complaint in which some of the patents being asserted in the present Complaint were asserted against another entity.  This letter also repeated VSI's invitation for Interactive to participate in the OIN under reasonable terms.  Interactive's counsel replied in an e-mail dated May 13, 2013, that they would review the matter and respond in due course.  Upon receiving no further communication from Interactive or its counsel, VSI's counsel sent a letter to Interactive's counsel on July 8, 2013, expressing concern over the lack of a response, and repeating VSI's offer for Interactive to participate in the OIN under reasonable terms.

11

24.   As a result of Interactive's infringement, Verint has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 283.

25.   As a result of Interactive's infringement, Verint is suffering, has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Verint is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

26.   Interactive's acts of infringement have been carried out deliberately and willfully, without the consent of Verint, at least with respect to the '798 patent; '285 patent; the '735 patent; the '000 patent; the '854 patent; the '994 patent; and the '534 patent, entitling Plaintiffs to treble damages under 35 U.S.C. § 284.

27.   This is an exceptional case entitling Verint to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT I
### (Infringement of the '798 patent)

28.   Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 27 above.

29.   The '798 patent, entitled "Method and Apparatus for Simultaneously Monitoring Computer User Screen and Telephone Activity From a Remote

12

Location," was duly and legally issued on August 4, 1998 and is currently in full force and effect and has been since the date of issuance. A copy of the '798 patent is attached hereto as Exhibit D.

## COUNT II
### (Infringement of the '285 patent)

30.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 29 above.

31.     The '285 patent, entitled "System and Method for Recording Voice and the Data Entered by a Call Center Agent and Retrieval of These Communication Streams for Analysis or Correction," was duly and legally issued on April 10, 2007 and is currently in full force and effect and has been since the date of issuance. A copy of the '285 patent is attached hereto as Exhibit E.

## COUNT III
### (Infringement of the '735 patent)

32.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 31 above.

33.     The '735 patent, entitled "Method, Apparatus, and System for Capturing Data Exchanged Between a Server and a User," was duly and legally issued on May 20, 2008 and is currently in full force and effect and has been since the date of issuance. A copy of the '735 patent is attached hereto as Exhibit F.

13

**COUNT IV**
**(Infringement of the '000 patent)**

34.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 33 above.

35.     The '000 patent, entitled "System and Method for Analysing Communications Streams," was duly and legally issued on August 11, 2009 and is currently in full force and effect and has been since the date of issuance.  A copy of the '000 patent is attached hereto as Exhibit G.

**COUNT V**
**(Infringement of the '854 patent)**

36.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 35 above.

37.     The '854 patent, entitled "Systems and Methods for Protecting Information," was duly and legally issued on August 10, 2010 and is currently in full force and effect and has been since the date of issuance.  A copy of the '854 patent is attached hereto as Exhibit H.

**COUNT VI**
**(Infringement of the '994 patent)**

38.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 37 above.

14

39.    The '994 patent, entitled "Systems and Methods for Recording Audio," was duly and legally issued on December 14, 2010 and is currently in full force and effect and has been since the date of issuance.  A copy of the '994 patent is attached hereto as Exhibit I.

## COUNT VII
## (Infringement of the '568 patent)

40.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 39 above.

41.    The '568 patent, entitled "Systems and Methods for Providing Recording as a Network Service," was duly and legally issued on March 8, 2011 and is currently in full force and effect and has been since the date of issuance.  A copy of the '568 patent is attached hereto as Exhibit J.

## COUNT VIII
## (Infringement of the '056 patent)

42.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 41 above.

43.    The '056 patent, entitled "Systems and Methods for Endpoint Recording Using a Media Application Server," was duly and legally issued on June 19, 2012 and is currently in full force and effect and has been since the date of issuance.  A copy of the '056 patent is attached hereto as Exhibit K.

**COUNT IX**
**(Infringement of the '833 patent)**

44.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 43 above.

45.    The '833 patent, entitled "Packet Data Recording Method and System," was duly and legally issued on October 9, 2012 and is currently in full force and effect and has been since the date of issuance.  A copy of the '833 patent is attached hereto as Exhibit L.

**COUNT X**
**(Infringement of the '534 patent)**

46.  Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 45 above.

47.    The '534 patent, entitled "Utilizing Spare Processing Capacity to Analyze a Call Center Interaction," was duly and legally issued on August 17, 2010 and is currently in full force and effect and has been since the date of issuance.  A copy of the '534 patent is attached hereto as Exhibit M.

**COUNT XI**
**(Infringement of the '324 patent)**

48.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 47 above.

16

49.   The '324 patent, entitled "VOIP Voice Interaction Monitor," was duly and legally issued on April 24, 2012 and is currently in full force and effect and has been since the date of issuance.  A copy of the '324 patent is attached hereto as Exhibit N.

## COUNT XII
### (Infringement of the '155 patent)

50.   Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 49 above.

51.   The '155 patent, entitled "Systems and Methods for Secure Recording in a Customer Center Environment," was duly and legally issued on March 19, 2013 and is currently in full force and effect and has been since the date of issuance.  A copy of the '155 patent is attached hereto as Exhibit O.

## COUNT XIII
### (Infringement of the '434 patent)

52.   Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 51 above.

53.   The '434 patent, entitled "Distributive Network Control," was duly and legally issued on January 22, 2013 and is currently in full force and effect and has been since the date of issuance.  A copy of the '434 patent is attached hereto as Exhibit P.

17

## COUNT XIV
### (Infringement of the '828 patent)

54.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 53 above.

55.     The '828 patent, entitled "System and Method for Pooled IP Recording," was duly and legally issued on January 1, 2013 and is currently in full force and effect and has been since the date of issuance.  A copy of the '828 patent is attached hereto as Exhibit Q.

## COUNT XV
### (Infringement of the '944 patent)

56.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 55 above.

57.     The '944 patent, entitled "Distributive Network Control," was duly and legally issued on September 25, 2012 and is currently in full force and effect and has been since the date of issuance.  A copy of the '944 patent is attached hereto as Exhibit R.

## COUNT XVI
### (Infringement of the '053 patent)

58.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 57 above.

59.    The '053 patent, entitled "Systems and Methods for Providing Network Services for Recording," was duly and legally issued on June 19, 2012 and is currently in full force and effect and has been since the date of issuance.  A copy of the '053 patent is attached hereto as Exhibit S.

## COUNT XVII
### (Infringement of the '386 patent)

60.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 59 above.

61.    The '386 patent, entitled "Communication Management System for Network-Based Telephones," was duly and legally issued on May 15, 2012 and is currently in full force and effect and has been since the date of issuance.  A copy of the '386 patent is attached hereto as Exhibit T.

## COUNT XVIII
### (Infringement of the '926 patent)

62.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 61 above.

63.    The '926 patent, entitled "Systems and Methods for Recording Data," was duly and legally issued on March 6, 2012 and is currently in full force and effect and has been since the date of issuance.  A copy of the '926 patent is attached hereto as Exhibit U.

19

## COUNT XIX
### (Infringement of the '857 patent)

64.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 63 above.

65.    The '857 patent, entitled "Signal Monitoring Apparatus for Analyzing Communications," was duly and legally issued on June 11, 2002 and is currently in full force and effect and has been since the date of issuance.  A copy of the '857 patent is attached hereto as Exhibit V.

## COUNT XX
### (Infringement of the '220 patent)

66.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 65 above.

67.    The '220 patent, entitled "Method and Apparatus for Simultaneously Monitoring Computer User Screen and Telephone Activity From a Remote Location," was duly and legally issued on January 21, 2003 and is currently in full force and effect and has been since the date of issuance.  A copy of the '220 patent is attached hereto as Exhibit W.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.      That Defendant Interactive has been and is infringing, is contributing to the infringement of, and is actively inducing infringement of the Patents-in-Suit;

2.      That Defendant and its officers, agents, and employees and all others in concert or participation with them be preliminarily and permanently enjoined from further acts of infringement of the Patents-in-Suit under 35 U.S.C. § 283;

3.      That Plaintiffs be awarded damages adequate to compensate them for Defendant's infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284;

4.      That Plaintiffs be awarded treble the damages they have incurred by reasons of Defendant's acts of deliberate and willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

5.      That Defendant be required to pay Plaintiffs' reasonable attorneys' fees in connection with this action as provided in 35 U.S.C. § 285;

6.      That Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction ordered by this Court;

7.     That Defendant be required to pay all of Plaintiffs' costs and expenses, including expert witness fees; and

8.     That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues raised by the Complaint.

Respectfully submitted, this 2nd day of August, 2013.

MEUNIER CARLIN & CURFMAN, LLC

/s/ Stephen M. Schaetzel
Stephen M. Schaetzel
Georgia State Bar No. 628653
*sschaetzel@mcciplaw.com*
Walter Hill Levie, III
Georgia State Bar No. 415569
*tlevie@mcciplaw.com*
David S. Moreland
Georgia State Bar No. 521998
*dmoreland@mcciplaw.com*
817 West Peachtree Street NW
Suite 500
Atlanta, Georgia 30308
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

*Attorneys for Plaintiffs*
*Verint Systems Inc. and*
*Verint Americas Inc.*

22

*Of Counsel*:

Joseph F. Posillico, Esq.
Frank T. Carroll, Esq.
Ryan N. Miller, Esq.
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Telephone: (215) 299-2000